**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MATOZO AREVALO MELKIE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-23-CV-159-FM** |
| | § | |
| **TEXAS DEPARTMENT** | § | |
| **OF CRIMINAL JUSTICE,** | § | |
| **Defendant.** | § | |

### ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DISMISSING PLAINTIFF'S COMPLAINT

Matozo Arevalo Melkie asserts the Texas Department of Criminal Justice (TDCJ) violated his civil rights while he was a prisoner at the Rogelio Sanchez State Jail in El Paso, Texas. Pl.'s Compl., ECF No. 1 at 1, 4. His complaint is dismissed with prejudice for the following reasons.

Melkie is a 33-year-old state prisoner serving a four-year sentence for family violence and aggravated assault with a deadly weapon. *See* https://inmate.tdcj.texas.gov/InmateSearch (search for TDCJ No. 02376547). He is currently incarcerated at the Robertson Unit in Abilene, Texas. *Id.* His anticipated release date is June 28, 2024. *Id.*

Melkie reports that on November 20, 2022, he injured his foot and ankle when he fell off his bunk. Pl.'s Compl., ECF No. 1 at 4. He claims prison authorities gave him ibuprofen for his pain and took an X-ray of his foot. *Id.* But he adds "till this day they haven't told [him] anything or done anything about it." *Id.* He asserts he still "can't walk on [his] foot." *Id.* He complains he has "gone many times to medical in pain but they haven't attended [him] at all." *Id.* He asks the Court to intervene in his behalf "so he can get full and serious medical attention." *Id.* He also asks the Court for help him receive permission to remain in the United States. *Id.*

The United States Magistrate Judge to whom the Court referred this matter screened Melkie's complaint pursuant to 28 U.S.C. § 1915A. R. & R., ECF No. 2 at 1; *see* 28 U.S.C. § 636(b)(1)(B) (permitting a district court, on its own motion, to refer a pending matter to a Magistrate Judge for a report and recommendation). After completing the review, the Magistrate Judge recommended that the Court dismiss the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1), because it lacked an arguable basis in law or fact. *Id.* at 2 (citing *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998)). The Magistrate Judge explained "[t]he Texas Department of Criminal Justice is a state agency which enjoys absolute Eleventh Amendment immunity from all suits in federal court, including claims for injunctive relief and state law claims." *Id.* (citing *Cox v. Texas*, 354 F. App'x 901, 902–03 (5th Cir. 2009) ("Eleventh Amendment immunity applies to all suits brought against 'States and their agencies ... regardless of the relief sought.' ") (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)).

A party has fourteen days to file written objections to a magistrate judge's proposed findings, conclusions, and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). As to other portions of the report—or when a party does not file written objections—the court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, a court may accept, reject, or modify the report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

The Magistrate Judge entered the report and recommendation on May 10, 2023. To date, a

party has not submitted objections. *See Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party . . . after being served with a copy of the magistrate's report.").

Accordingly, after completing a plain-error review, the Court concludes that the Magistrate Judge's findings and conclusions are neither clearly erroneous nor contrary to law. *Wilson*, 864 F.2d at 1221. The Court also observes that it lacks the authority to grant Melkie permission to remain in the United States. The Court therefore enters the following orders:

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 2) is **ACCEPTED**, and the findings and conclusions of the Magistrate Judge are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Melkie's "Civil Rights Complaint" (ECF No. 1) is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 7th day of June 2023.

**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**